IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHASE CORBIN COLLINS,**

                **Plaintiff,**

     v.                                     CASE NO. 08-3212-SAC

**GARY DANIELS, et al.,**

                **Defendants.**

**O R D E R**

    Plaintiff, a prisoner incarcerated in a state correctional facility in Kansas, proceeds pro se on a form complaint for filing under 42 U.S.C. § 1983.  Pursuant to plaintiff's request for leave to proceed in forma pauperis under 28 U.S.C. § 1915, the court directed plaintiff to pay an initial partial filing fee of $16.50, as assessed by the court under 28 U.S.C. § 1915(b)(1).  In response, petitioner claims he has no funds to pay the assessed fee.

    Under the circumstances, the court grants plaintiff leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action).  Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, 28 U.S.C. § 1915(b)(1), through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

    The court also directed plaintiff to show cause why the instant

action should not be dismissed without prejudice pursuant to the abstention doctrine in <u>Younger v. Harris</u>, 401 U.S. 37 (1971),[1] due to plaintiff's reference to a pending action in the state courts involving the same claims.  *See* Pawnee County District Court Case 07-CV-06 (dismissed April 23, 2008, *appeal pending*).  In response plaintiff explains the pending state court action addresses claims regarding the adequacy of his treatment as a sexually violent predator, whereas the present action questions the legality of his commitment as a sexually violent predator and raises issues of possible constitutional error in his particular case.

This clarification, however, defeats plaintiff's attempt to proceed under 42 U.S.C. § 1983.  Plaintiff must proceed in habeas corpus to seek relief on such claims.  A prisoner in state custody cannot use a § 1983 civil rights action to challenge the legality of his confinement.  *See* <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78 (2005); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 (1973).  The court thus concludes the present action should be dismissed without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the $350.00 as authorized pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the complaint filed under 42 U.S.C. § 1983 is dismissed without prejudice.

Copies of this order shall be mailed to plaintiff and to the

---

[1] *See* <u>Parkhurst v. Wyoming</u>, 641 F.2d 775, 777 (10th Cir. 1981)(extending <u>Younger</u> abstention doctrine to § 1983 claim for damages).

Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 17th day of November 2008 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge